**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**PREVIN D. WRIGHT,**[1]

    **Petitioner,**

v.                                            **Case No. 1:22cv152-AW/MAF**

**RICKY DIXON, Secretary,
Florida Department of Corrections,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On June 22, 2022, Petitioner Previn D. Wright, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He filed a supporting memorandum on July 19, 2022. ECF No. 5. On September 14, 2022, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 11. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration,

---

[1] The Clerk of Court shall correct Petitioner's name to "Previn D. Wright," instead of "Preyin D. Wright." As Respondent points out, "Preyin" appears to be a typographical error given the state court records, information on the website for the Department of Corrections, and the supporting memorandum filed by Petitioner, ECF No. 5. *See* ECF No. 11 at 1 n.1.

the undersigned has determined no evidentiary hearing is required for the disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed as untimely. See Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Previn D. Wright challenges his conviction and sentence from the Eighth Judicial Circuit, Alachua County, Florida, following his entry of a negotiated nolo contendere plea in case number 2010-CF-1489. ECF No. 1 at 1; Ex. C (Plea Agreement); Ex. D (Judgment and Sentence).[2] In particular, the State charged Wright with two counts of capital sexual battery, contrary to section 794.011(2)(a), Florida Statutes. Ex. A. Pursuant to the plea agreement, signed August 13, 2013, Wright entered a plea of nolo contendere, on both counts, to the lesser included offense of lewd and lascivious molestation, contrary to section 800.04(5)(b), Florida Statutes, and the State agreed to a sentence of twenty-five (25) years in prison on each count, to run concurrently, followed by sex offender probation for life.

---

[2] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 11.

*See* Ex. C.  That same day, the trial court accepted the plea, adjudicated Wright guilty, and sentenced him pursuant to the agreement.  *See* Ex. D (Judgment and Sentence); Ex. E (Order of Sex Offender Probation); Ex. F (Order Designating Defendant a Sexual Predator).  Wright did not appeal his conviction and sentence, and he has not filed any state postconviction motions.  *See* Ex. G; ECF No. 11 at 2.

As indicated above, on June 29, 2022, Wright filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 11.  Petitioner has not filed a reply, although he was given the opportunity to do so.  *See* ECF No. 9.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme

Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, the state trial court sentenced Wright on August 13, 2013, and he did not appeal. Accordingly, his conviction became final thirty (30) days later, on September 12, 2013, when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A) (providing one-year AEDPA limitations period runs from "the date on which the judgment because final by the conclusion of direct review or the expiration of the time for seeking such review"); Fla. R. App. P. 9.140(b)(3) (allowing 30 days to appeal from rendition of written order imposing sentence). *See, e.g.*, Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30–day period for filing direct appeal expires).

He had one year thereafter, or until September 12, 2014, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final on December 23, 2002, and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis). Petitioner Wright did not file any postconviction or other tolling motions. *See* Ex. G; ECF No. 11 at 2. Therefore, his AEDPA limitations period expired on September 12, 2014, and his § 2254 petition, filed June 29, 2022, is untimely.

In the section of his §2254 petition addressing timeliness, Petitioner Wright asserts he "has been unable to find competent help in [the] law library at the institutions" in which he has been incarcerated." ECF No. 1 at 13. He asserts he met an inmate on February 10, 2022, who showed him he "had merit on another case in another county in Florida" and then he "found out [he] had a due process violation that was fundamental that [he] could bring to the Federal Court." *Id*. Wright asks the Court to accept this petition. *Id*. at 13-14.

To the extent Wright has made an argument for equitable tolling, it should be rejected. "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Wright has not met his burden of showing either that he diligently pursued his rights under the AEDPA or that some extraordinary circumstance kept him from timely filing his § 2254 petition. As explained above, Wright did not file any postconviction or other tolling motions, and he filed his § 2254 petition more than seven and a half years after the expiration of his AEDPA limitations period. He has not shown, nor does he argue, that he diligently pursued his rights under the AEDPA. *See* Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining that

petitioner must "establish his own due diligence in ascertaining the applicable limitations period").

In addition, Wright's allegations regarding the inability "to find competent help in [the] law library" do not constitute extraordinary circumstances.  See Helton, 259 F.3d at 1313-14 (rejecting petitioner's equitable tolling argument that he "was prevented from obtaining accurate information due to deficiencies in the prison library where he was being held"); see also Chavez v. Sec'y, Fla. Dept. of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory); Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (finding that close-management status and restricted access to law library did not warrant equitable tolling); Paulcin, 259 F. App'x at 213 (finding transfers and limited access to legal papers do not constitute extraordinary circumstances); Walker v. Graham, 955 F. Supp. 2d 92, 103 (E.D.N.Y. 2013) ("[R]eliance on a jailhouse lawyer . . . does not qualify as an extraordinary circumstance warranting equitable tolling.").

Based on the foregoing, Petitioner Wright has not shown entitlement to equitable tolling.  His § 2254 petition should be dismissed as untimely.

## Conclusion

The § 2254 petition is untimely.  Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and Petitioner Wright's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.  The Clerk of Court shall correct Petitioner's name to "Previn D. Wright," instead of "Preyin D. Wright."

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.  The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The

parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 11) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 9, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the**

**electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**